# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　　Plaintiff,<br>　vs.<br><br>JASON MICHAEL EPPERSON,<br><br>　　　　　　　　　　　　Defendant. | CASE NO. 09cr7008-IEG<br><br>Order Granting in Part Defendant's Motion to Correct Sentence; Recommending that the Bureau of Prisons Designate State Correctional Institution for Service of Federal Sentence |

　　　　Defendant Jason Michael Epperson has filed a motion under Fed. R. Crim. P. 35 and 36 asking the Court to correct the judgment in this case. Defendant asks the Court to amend the judgment to reflect that his federal sentence should run concurrent with his state sentence. Alternatively, Defendant asks the Court to recommend to the Bureau of Prisons that any time Defendant serves in state custody count against his federal sentence. The Government has filed a Response to Defendant's motion, but does not substantively object to Defendant's request that his federal and state sentences run concurrently.

### *Factual Background*

　　　　Prior to July 27, 2009, Defendant pled guilty in state court to assault charges. Defendant's plea agreement provided he would be sentenced to no more than one year incarceration in a county jail, which time was to run concurrent to any sentence received in this case. Defendant's sentencing hearing on the state assault charge is set for October 1, 2009.

　　　　On July 27, 2009, Defendant appeared before this Court and admitted to committing a

1  Grade A violation of the terms of his supervised release.  The Court sentenced Defendant to 16
2  months' imprisonment.  Both defense counsel and the Assistant United States Attorney assumed
3  Defendant would remain in federal custody to begin serving his federal sentence. Immediately
4  following imposition of sentence, however, Defendant was returned to state custody, where he is
5  being held pending his October 1, 2009 sentencing on the state assault conviction.

6  ***Discussion***

7  As a general rule, the sovereign which first arrested an individual has primary jurisdiction
8  to try, sentence, and incarcerate him under its criminal laws.  United States v. Warren, 610 F.2d
9  680, 684-85 (9th Cir. 1980).  Because Defendant was arrested for the state assault charge before he
10 was charged in this Court with violating the terms of his supervised release, the state has primary
11 jurisdiction over Defendant.

12 If a federal judgment and commitment order is silent, and the state authorities have primary
13 jurisdiction over the defendant, federal law provides that the federal sentence will run
14 consecutively with any state sentence, regardless of which sentence was imposed first.  18 U.S.C.
15 § 3484(a) ("Multiple terms of imprisonment imposed at different times run consecutively unless
16 the court orders that the terms are to run concurrent.").  Under § 3584(a), however, the court may
17 order a term of imprisonment run concurrently for "a defendant who is already subject to an
18 undischarged term of imprisonment . . . ."

19 The Ninth Circuit has held that the plain language of § 3584 prohibits a federal judge from
20 specifying whether a federal sentence will run concurrent or consecutive to a state sentence which
21 has yet to be imposed.  Taylor v. Sawyer, 284 F.3d 1143, 1148 (9th Cir. 2002); United States v.
22 Clayton, 927 F.2d 491, 493 (9th Cir. 1991).  Thus, the Court denies Defendant's request to amend
23 the judgment to specify that the federal sentence run concurrently with the state sentence yet to be
24 imposed.  The Court may, however, recommend that the Bureau of Prisons designate the state
25 correctional institution for service of the federal sentence pursuant to 18 U.S.C. § 3621 and Bureau
26 of Prisons Policy Statement § 5160.04.  Taylor, 284 F.3d at 1148.
27 ///
28 ///

### *Conclusion*

Because Defendant has not yet been sentenced on his state conviction, the Court denies his motion to correct the judgment to provide that the two sentences run concurrently. The Court, however, recommends that the Bureau of Prisons designate the state correctional institute where Petitioner is currently incarcerated as the facility for service of the federal sentence pursuant to 18 U.S.C. § 3621 and BOP Policy Statement § 5160.04. Such designation should be made *nunc pro tunc* to July 27, 2009, the date Defendant was sentenced in this Court. The Clerk is directed to enter an amended judgment reflecting such recommendation, and forward the amended judgment to the Bureau of Prisons forthwith.

**IT IS SO ORDERED**.

**DATED: August 13, 2009**

*(signature)*
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**